IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

ELIZABETH A. DEATON,            )
                                )
            Plaintiff,           )
                                )
v.                              )   Case No. CIV-16-369-KEW
                                )
Commissioner of Social          )
Security Administration,        )
                                )
            Defendant.           )

**OPINION AND ORDER**

Plaintiff Elizabeth A. Deaton (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is AFFIRMED.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or

impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

(10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was 53 years old at the time of the ALJ's decision. Claimant obtained her GED. Claimant has worked in the past as a home health aide. Claimant alleges an inability to work beginning June 27, 2009 due to limitations resulting from high blood pressure, a heart attack, neuropathy, hernia, swelling in the legs and feet, Type II diabetes, and GERD.

**Procedural History**

On May 28, 2013, Claimant protectively filed for disability

insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On January 6, 2015, Administrative Law Judge ("ALJ") Doug Gabbard, II conducted an administrative hearing in McAlester, Oklahoma. On February 19, 2015, the ALJ entered an unfavorable decision. The Appeals Council denied review on June 24, 2016. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

### Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform light work.

### Errors Alleged for Review

Claimant asserts the ALJ committed error in (1) failing to include all of Claimant's limitations in the RFC; and (2) failing to properly formulate hypothetical questions to the vocational expert at step five which included all of Claimant's work-related restrictions.

4

**RFC Determination**

In his decision, the ALJ found Claimant suffered from the severe impairment of diabetes. (Tr. 14). The ALJ determined Claimant retained the RFC to perform light work. She could lift/carry up to 20 pounds frequently and up to 10 pounds occasionally; stand six hours per day and sit six hours in an eight hour workday with normal breaks. She could occasionally reach overhead with her left non-dominant arm. She must alternate sitting and standing every 15-20 minutes throughout the workday in order to change positions, but without leaving the workstation. The ALJ found Claimant must elevate her feet three to four inches off the ground when sitting and she must have one or two unscheduled absences per year. (Tr. 16).

After consultation with a vocational expert, the ALJ concluded Claimant could perform the representative jobs of furniture retail clerk and cashier, both of which were found to exist in sufficient numbers regionally and nationally. (Tr. 29). As a result, the ALJ determined Claimant had not been under a disability from June 27, 2009 through the date of the decision. Id.

Claimant contends the ALJ failed to properly include all of her limitations in the RFC. Claimant asserts that she suffers from fatigue such that she lacks the stamina and endurance to maintain

basic work activities.  She also references that the ALJ failed to inquire of Claimant as to any side effects caused by her medication.

Claimant is non-specific as to the limitations caused by her fatigue which were not otherwise addressed in the RFC.  The treatment notes from Claimant's treating physician, Dr. Victoria Pardue indicated both positive findings for fatigue at times (Tr. 693, 697, 701, 705, 709, 713, 717, 720, 753) and negative findings of fatigue (Tr. 389, 393, 397, 425, 429, 433, 440, 443, 450, 462, 468, 472, 475, 478, 482, 485, 488, 646, 650, 673, 724, 728, 736).

Claimant was also evaluated by consulting physician, Dr. Terry Kilgore on July 24, 2013.  Dr. Kilgore found Claimant had a history of arteriosclerotic heart disease and had a stent put in place in 2009.  She had no clinical evidence of congestive heart failure despite a curious diagnosis of such in the record which appears without support.  She had non-insulin dependent diabetes with burning and stinging in her lower extremities with numbness in her feet. (Tr. 552). Her hands, wrists, elbows, shoulders, ankles, and knees were normal.  She complained of right hip pain.  Her pulses were normal in her upper and lower extremities.  She had slight decreased sensation below the knees.  Claimant could stand on her right foot and left foot but heel walking and toe walking caused pain in her feet.  Hand grip and find motor control was normal. (Tr. 551).

"[R]esidual functional capacity consists of those activities that a claimant can still perform on a regular and continuing basis despite his or her physical limitations." White v. Barnhart, 287 F.3d 903, 906 n. 2 (10th Cir. 2001). A residual functional capacity assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts ... and nonmedical evidence." Soc. Sec. R. 96-8p. The ALJ must also discuss the individual's ability to perform sustained work activities in an ordinary work setting on a "regular and continuing basis" and describe the maximum amount of work related activity the individual can perform based on evidence contained in the case record. Id. The ALJ must "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." Id. However, there is "no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question." Chapo v. Astrue, 682 F.3d 1285, 1288 (10th Cir. 2012).

The ALJ's RFC assessment was supported by substantial evidence. Claimant's fatigue was sporatic in the record and did not cause further limitations in her ability to perform basic work activities beyond those set out in the ALJ's RFC. This Court

7

finds no error in the ALJ's RFC determination.

**Step Five Evaluation**

Claimant first contends that the ALJ improperly identified the job of furniture retail clerk as a representative job which met the RFC restrictions. Defendant concedes the argument and states that the ALJ "inadvertently" listed the furniture retail clerk position while omitting the small product assembler job identified by the vocational expert. (Tr. 54). The ALJ also listed the job of cashier II as a representative job which Claimant could perform which was also identified by the expert. Id. However, the vocational expert testified that these jobs existed nationally at 165,000 and in Oklahoma at 2,000 while the ALJ stated the cashier job existed nationally at 216,000 and in Oklahoma at 1,300 jobs. (Tr. 29, 54). This error in the numbers are obvious scrivner's errors which do not affect the outcome of the case. While Claimant suggests in her reply that an ALJ is required to perform a further analysis when the available jobs is "very small", the numbers involved are not so minimal to warrant further considerations. *See* Rogers v. Astrue, 2009 WL 368386, 4 (10th Cir.)(testimony by vocational expert of 11,000 hand packager jobs in the national economy could be relied upon by the ALJ as substantial evidence to support a finding of non-disability). As a result, the error is

harmless and does not require reversal.

Claimant also contends that both the small product assembler job and the cashier job require "frequent" reaching while the RFC limits Claimant to only occasional overhead reaching with her left non-dominant arm.  *See* DOT #211.462-010 (cashier II); DOT #706.684-022 (assembler, small products I).  Defendant distinguish "overhead reaching" from "reaching" under the regulations.  "Reaching" is defined as "extending the hands and arms in any direction."  Soc. Sec. R. 85-15.  Defendant then contends that the "frequent reaching" required by the identified jobs would not necessarily entail "overhead reaching" with regard to which Claimant is limited.  This position is supported by the case of <u>Segovia v. Astrue</u>, 2007 WL 867172, *2 (10th Cir.) wherein the Court determined that under the Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles ("SCO"), a job requiring frequent reaching does not necessarily require more than occasional overhead reaching.  This is conditioned upon the vocational expert being aware of the overhead reaching limitation when he testified that Claimant could perform the designated jobs.  <u>Id</u>.

In this case, the ALJ formulated the hypothetical question to include the restriction to occasional overhead reaching.  (Tr. 54). The vocational expert responded with the cashier II and small product assembler jobs.  <u>Id</u>.  Claimant maintains that the ALJ cannot

9

rely upon the testimony and <u>Segovia</u> is inapplicable because the ALJ did not inquire as to whether the vocational expert's testimony conflicted with the Dictionary of Occupational Titles ("DOT"). While it is true the ALJ failed to inquire of the vocational expert as to whether her testimony conflicted with the DOT, Claimant has not indicated where she believes any such conflict exists. Indeed, as stated, <u>Segovia</u> expressly holds that identifying jobs requiring "frequent reaching" does not conflict with a limitation to "occasional overhead reaching." As such is the case, this Court cannot conclude that a conflict existed between the DOT and the vocational expert's testimony.

While it is clear that the ALJ was sloppy in the writing of the decision which is not readily excusable on its face, he expressly identified at least one job which Claimant would perform which did not conflict with the DOT in light of the reasoning in <u>Segovia</u>. As a result, the decision should be affirmed.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **AFFIRMED.**

IT IS SO ORDERED this 26th day of March, 2018.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE